IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **TINA MAE SLOAN,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 1:12-04674 |
| | ) |
| **SANDRA BUTLER, Warden,** | ) |
| | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On August 24, 2012, Petitioner, acting *pro se*,[1] filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[2] (Document No. 1.) In her Petition, Petitioner challenges the calculation of her sentence. (Id.) Specifically, Petitioner requests that the Court reduce her sentence based upon her "programming" and the receipt of her GED. (Id.) Petitioner further notes that she has "clear conduct." (Id.) Therefore, Petitioner requests that the Court "take the time to re-calculate the computation of sentenced time so that I may return home to my loving family." (Id.) As Exhibits, Petitioner attaches copies of her "Certificates of Achievement" concerning programs she has successfully completed.[3] (Document No. 1-1.)

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] By Order entered on September 11, 2012, United States Magistrate Judge Mary E. Stanley construed Petitioner's letter-form Motion as a Section 2241 Petition. (Document No. 4.)

[3] To the extent Petitioner is requesting relief pursuant to 18 U.S.C. § 3582(c), her claim is without merit. Petitioner does not assert any of the exceptions set forth in Section 3582(c). First, there is no indication that the Director of the Bureau of Prisons has filed a motion for compassionate release pursuant to Section 3582(c)(1)(A). Next, the United States has not filed a motion requesting a sentencing reduction for substantial assistance pursuant to Rule 35. Finally, Petitioner does not

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury,

---

allege that she was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. Petitioner, however, requests that the Court reduce or modify her sentence based upon her post sentencing conduct and rehabilitation. Although the Court applauds Petitioner's post sentencing conduct and rehabilitation, it is not grounds for reducing or modifying Petitioner's sentence. *See Taylor v. United States*, 2014 WL 1708595 (D.Md. April 28, 2014)("Post-sentencing rehabilitation is not a ground for reducing a sentence under § 3582(c)"); *United States v. Lee*, 2009 WL 1636509 (N.D.W.Va. June 9, 2009)(finding that "exceptional program achievement, job performance, or other exemplary institutional conduct is simply not grounds for granting a reduction in sentence under § 3582"); *Brown v. Zickefoose*, 2009 WL 2580391 (S.D.W.Va. Aug. 17, 2009)("The provisions of Rule 35, Fed. R. Crim. Pro., do not allow for a reduction in sentence for post-conviction rehabilitation."); *Walters v. United States*, 495 F.Supp.2d 577 (S.D.W.Va. March 14, 2006)("The court is unaware of any statute which permits reduction of a sentence for rehabilitation, exemplary behavior, or excellent performance while in custody").

2

> caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody[4] and the absence of collateral consequences, and therefore, her Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written

---

[4] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on March 8, 2013.

objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: April 24, 2015.

R. Clarke VanDervort
United States Magistrate Judge